# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| SCOTT SAUVE, | No. 1:15-cv-03200-MKD |
|---|---|
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| vs. | |
| CAROLYN W. COLVIN, | |
| Acting Commissioner of Social Security, | ECF Nos. 14, 17 |
| Defendant. | |

BEFORE THE COURT are the parties' cross-motions for summary judgment. ECF Nos. 14, 17. The parties consented to proceed before a Magistrate Judge. ECF No. 7. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, the Court denies Plaintiff's motion (ECF No. 14) and grants Defendant's motion (ECF No. 17).

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 1383(c)(3).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The

party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-410 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v); 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b); 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c); 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(c); 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d); 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§

404.1545(a)(1); 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f); 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1); 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. §§ 404.1520(g)(1); 416.920(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2); 416.920(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

Plaintiff applied for Title II disability insurance benefits on January 9, 2013 and for Title XVI supplemental security income benefits on January 25, 2013, alleging an onset date of November 22, 2012.[1] Tr. 189-203. The applications were denied initially, Tr. 113-30, and on reconsideration, Tr. 132-43. Plaintiff appeared at a hearing before an Administrative Law Judge (ALJ) on July 14, 2014. Tr. 30-57. On August 18, 2014, the ALJ denied Plaintiff's claim. Tr. 9-29.

At the outset, the ALJ determined that Plaintiff's date last insured is December 31, 2017. Tr. 14. At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since November 22, 2012. Tr. 14. At step two, the ALJ found Plaintiff has the following severe impairments: mood disorder

---

[1] The ALJ incorrectly identifies the date of both applications as December 10, 2012. Tr. 12. This clerical error does not impact the Court's analysis.

and anxiety disorder. Tr. 14. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals a listed impairment. Tr. 16. The ALJ then concluded that Plaintiff has the RFC to perform a full range of work at all exertional levels with the following nonexertional limitations:

> he can understand, remember and perform multi-step job instructions and directions and can understand and perform complex instructions and directions. He can interact appropriately with supervisors, coworkers and members of the public, but should have no more than occasional contact with members of the public.

Tr. 17. At step four, the ALJ found that Plaintiff is capable of performing past relevant work as a purchasing manager, which does not require the performance of work-related activities precluded by the Plaintiff's RFC. Tr. 23. In the alternative, the ALJ determined at step five that there are jobs that exist in significant numbers in the national economy that the Plaintiff can also perform, such as production assembler, industrial cleaner, and laundry laborer. Tr. 23-24. On that basis, the ALJ concluded that Plaintiff was not disabled as defined in the Social Security Act. Tr. 24-25.

On October 30, 2015, the Appeals Council denied review, Tr. 1-7, making the Commissioner's decision final for purposes of judicial review. *See* 42 U.S.C. 1383(c)(3); 20 C.F.R. §§ 416.1481, 422.210.

**ISSUES**

Plaintiff seeks judicial review of the Commissioner's final decision denying him supplemental security income benefits under Title XVI and disability insurance benefits under Title II of the Social Security Act. ECF No. 14. Plaintiff raises the following issues for this Court's review:

1. Whether the ALJ properly weighed the medical opinion evidence;

2. Whether the ALJ reasonably determined that Plaintiff could perform past relevant work; and

3. Whether the ALJ's alternative step five analysis reasonably determined that there were jobs in the national economy the Plaintiff could perform.

ECF No. 14 at 5.

**DISCUSSION**

**A. Medical Opinion Evidence**

Plaintiff faults the ALJ for discounting the medical opinions of Theodore Prier, M.D. and Shirley Goodwin, L.M.H.C. ECF No. 14 at 7-14.

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant but who review the claimant's file (nonexamining or reviewing physicians)." *Holohan v. Massanari*, 246 F.3d 1195, 1201-02 (9th Cir. 2001) (brackets omitted).

<sub>"Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." *Id*. "In addition, the regulations give more weight to opinions that are explained than to those that are not, and to the opinions of specialists concerning matters relating to their specialty over that of nonspecialists." *Id*. (citations omitted).</sub>

If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin,* 554 F.3d 1219, 1228 (9th Cir. 2009) (internal quotation marks and brackets omitted). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss*, 427 F.3d at 1216 (citing *Lester v. Chater,* 81 F.3d 821, 830-31 (9th Cir. 1995)).

The opinion of an acceptable medical source, such as a physician or psychologist, is given more weight than that of an "other source." 20 C.F.R. § 416.927; *Gomez v. Chater*, 74 F.3d 967, 970-71 (9th Cir. 1996). "Other sources"

<sub>ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 9</sub>

1  include nurse practitioners, physicians' assistants, therapists, teachers, social
2  workers, spouses and other non-medical sources. 20 C.F.R. § 416.913(d). The
3  ALJ need only provide "germane reasons" for disregarding an "other source"
4  opinion. *Molina*, 674 F.3d at 1111. However, the ALJ is required to "consider
5  observations by nonmedical sources as to how an impairment affects a claimant's
6  ability to work." *Sprague v. Bowen,* 812 F.2d 1226, 1232 (9th Cir. 1987).

7     *1. Dr. Prier*

8     Dr. Prier treated Plaintiff between February 2013 and January 2014. Tr.
9  297-312. On January 29, 2014, Dr. Prier opined that Plaintiff had severe
10 depression, and that working on a regular and continuous basis would cause his
11 condition to deteriorate. Tr. 311-12. He opined that Plaintiff would miss three
12 days of work per month on average, which he attributed to anhedonia and
13 motivation issues. Tr. 311-12. The ALJ afforded Dr. Prier's opinion no weight.
14 Tr. 22.

15    Because Dr. Prier's opinion was contradicted by Dr. Billings' opinion, Tr.
16 289-93, the ALJ must provide "specific and legitimate reasons that are supported
17 by substantial evidence" to discredit the opinion. *Bayliss*, 427 F.3d at 1216.

18    First, the ALJ rejected Dr. Prier's opinion because it relied on Plaintiff's
19 self-reported symptoms, which the ALJ found not to be credible. Tr. 22. A
20 physician's opinion may be rejected if it is based on a claimant's subjective

1  complaints which were properly discounted.  *Tonapetyan v. Halter*, 242 F.3d 1144,
2  1149 (9th Cir. 2001); *Morgan v. Comm'r of Soc. Sec. Admin*, 169 F.3d 595, 602
3  (9th Cir. 1999).  Plaintiff does not challenge the ALJ's negative credibility finding
4  in this Court, and therefore any challenge to that finding is waived on appeal.
5  *Campbell v. Burt,* 141 F.3d 927, 931 (9th Cir. 1998) (holding that issues not raised
6  before the district court are waived on appeal); *Hughes v. Astrue,* 357 F. App'x
7  864, 866 (9th Cir. 2009) (unpublished) (holding failure to challenge the ALJ's
8  credibility finding in the district court waives any challenge to that finding on
9  appeal).  Here, the ALJ's finding that Dr. Prier's opinion relied on self-reported
10 symptoms is well-supported by the record.  Dr. Prier's report has a fill-in-the-blank
11 space for "patient's symptoms (complaints, including pain, numbness, etc.)" that
12 encourages the reviewer to list the patient's self-reported complaints.  Tr. 311.
13 Furthermore, in the section of the form for "relevant clinical findings, test results"
14 Dr. Prier only listed "PHQ-9 score 23 indicating severe depression."  Tr. 311.
15 Patient Health Questionnaire testing, called PHQ-9, is a depression screening tool
16 which relies entirely on a patient's self-reported answers.  The ALJ noted instances
17 documented in the record in which the Plaintiff misled Dr. Prier about his
18 symptoms.  Tr. 22.  For example, Plaintiff reported to Dr. Prier that he lost his job
19 because of depression symptoms, Tr. 305, however, the record demonstrates that
20 Plaintiff lost his job because of alleged theft.  Tr. 262.  Dr. Prier's report did not

indicate that he relied on any information to form his opinion beyond Plaintiff's self-reported symptoms and the PHQ-9. Tr. 311-312. Reliance on Plaintiff's properly discounted symptom testimony is a specific and legitimate reason to discount Dr. Prier's opinion. *Bayliss*, 427 F.3d at 1216.

Second, the ALJ discounted Dr. Prier's opinion because it was inconsistent with his treatment notes. Tr. 22. A physician's opinion may be rejected if it is unsupported by the physician's treatment notes. *See Connett v. Barnhart*, 340 F.3d 871, 875 (9th Cir. 2003) (affirming ALJ's rejection of physician's opinion as unsupported by physician's treatment notes). Specifically, throughout his history treating Plaintiff, Dr. Prier noted more often than not that Plaintiff's mood and affect were normal. Tr. 278 ("Mood and affect normal."); Tr. 280 ("Mood and affect normal"); Tr. 284 ("Mood and affect normal."); Tr. 286 ("Negative for anxiety, depression."); Tr. 301 ("Mood and affect normal."); Tr. 306 ("Surprisingly, his affect is quite full considering the severity of his PHQ-9 score"). The inconsistency between Dr. Prier's treatment notes and his evaluation is another specific and legitimate reason to reject his opinion. *Bayliss*, 427 F.3d at 1216.

*2. Ms. Goodman*

Ms. Goodman, a licensed mental health counselor, evaluated Plaintiff on February 19, 2014. Tr. 313-15. She opined that Plaintiff's "significant depressive

symptoms would interfere with his ability to be successful with quality of work at this time." Tr. 315. She further opined that Plaintiff would miss four or more days of work a month if he attempted a regular forty hour per week schedule. *Id.* She assessed significant limitations in nearly every category listed on the form. Tr. 313-15. The ALJ afforded her opinion "no weight." Tr. 22.

First, the ALJ discounted Ms. Goodman's opinion because she is not an acceptable medical source. Tr. 22. SSA regulations indicate that an "acceptable medical source" (generally a doctorate-level medical provider) must establish that an impairment exists. 20 C.F.R. § 404.1513. But, "other sources" may be drawn upon to determine the severity of a claimants limitations. 20 C.F.R. § 404.1513. Ms. Goodman is considered an "other source" whose opinion, if accepted, cannot establish an impairment and is entitled less deference than a physician's. 20 C.F.R. §§ 404.1513(d), 416.913(d). An ALJ must provide germane reasons to reject opinions from "other sources," such as mental health counselors. *Molina*, 674 F.3d at 1111. Ms. Goodman's opinion was contradicted by Dr. Billings' opinion, Tr. 289-293, which the ALJ favored.

Second, the ALJ discounted her opinion because she "did not cite any objective signs in support of the limitations she opined and the rational she did provide is little more than a recitation of the claimant's less than fully credible subjective complaints." Tr. 22. As discussed above, an opinion may be rejected if

it is based on a claimant's subjective complaints which were properly discounted. *Tonapetyan*, 242 F.3d at 1149. Here, the majority of Ms. Goodman's opinion is a check-box form, without any supporting evidence. Tr. 313-15. The report does not indicate that she performed any tests on Plaintiff or reviewed his medical record. Tr. 313-15. At the end of Ms. Goodman's report, she included some "additional comments" that indicate her opinion is based on Plaintiff's self-reported symptoms. Tr. 315 ("Scott is currently having problems completing his daily task (sic) that he starts, he is easily overwhelmed and agitated. He is currently required to start w/ small task (sic) so that he may complete things. He maintains a high score on a patient health questionnaire indicating that he is severely depressed."). Reliance on Plaintiff's discredited self-reported symptoms, including his patient health questionnaire score, is a germane reason to reject Ms. Goodman's opinion. *Molina*, 674 F.3d at 1111.

Third, the ALJ afforded Ms. Goodman's opinion little weight because her "treatment notes do not support the degree of limitation she opined." Tr. 22. An opinion may be rejected if it is unsupported by the provider's treatment notes. *See Connett*, 340 F.3d at 875. Ms. Goodman evaluated Plaintiff on several occasions. In many instances, she noted that Plaintiff was in a pleasant mood. Tr. 324 ("Scott presented today in a pleasant mood."); Tr. 327 ("Scott presented in a good mood today."); Tr. ("Scott presented in a pleasant mood today."); Tr. 329 ("Scott

1 presented in a pleasant mood today.") Ms. Goodman's consistent observations

2 about Plaintiff's pleasant mood are inconsistent with her opined limitations which

3 rely on Plaintiff's depression. The tension between her observations and opinion is

4 a germane reason to reject her opinion. *Molina*, 674 F.3d at 1111.

### B. Past Relevant Work

Plaintiff contends that the ALJ failed in her analysis at step four. ECF No. 14 at 12-14. He contends the ALJ did not include the appropriate limitations in the Plaintiff's RFC, she did not identify the specific demands of the Plaintiff's past relevant work, and she failed to properly compare the specific demands of the past relevant work to the Plaintiff's functional limitations. ECF No. 14 at 12-13.

At step four, the ALJ makes findings regarding residual functional capacity and determines if a claimant can perform past relevant work. Although the burden of proof lies with the claimant at step four, the ALJ has a duty to make the requisite factual findings to support her conclusion. SSR 82-62. This is done by looking at the claimant's residual functional capacity and the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv) and 416.920(a)(4)(iv). In finding that an individual has the capacity to perform past relevant work, the decision must contain the following specific findings of fact: (1) a finding of fact as to the individual's residual functional capacity; (2) a finding of fact as to the physical and mental demands of the past job/occupation;

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 15

1  and (3) a finding of fact that the individual's residual functional capacity would

2  permit a return to his or her past job or occupation. SSR 82-62.

3  These findings must be based on evidence in the record and must be

4  developed and fully explained by the ALJ. Step four requires specific findings on

5  all three points sufficient "to insure that the claimant really can perform his past

6  relevant work." *Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001); *see also*

7  SSR 00-4p. The Plaintiff's past relevant work as performed may be defined by two

8  sources: a properly completed vocational report and the plaintiff's own testimony.

9  S.S.R. 82-61, S.S.R. 82-41. Plaintiff's past relevant work as generally performed

10 may be defined by the Dictionary of Occupational Titles, and/or vocational expert

11 testimony. *Id.*

12 Plaintiff challenges the ALJ's RFC finding on three grounds. First, Plaintiff

13 argues that the ALJ failed to include the appropriate limits in the RFC because she

14 improperly discounted the medical opinions of Dr. Prier and Ms. Goodman. ECF

15 No. 14 at 13. As noted *supra*, the ALJ properly assessed the medical evidence.

16 Thus, the ALJ properly excluded Dr. Prier and Ms. Goodman's assessed

17 limitations from the hypothetical question posed to the vocational expert.

18 Next, Plaintiff argues that the ALJ improperly excluded Plaintiff's

19 limitations due to headaches from the RFC. ECF No. 14 at 13. Dr. Prier indicated

20 in April 2013 that Plaintiff suffered headaches as a result of a prescribed

1  medication. Tr. 298. However, Dr. Prier's report also indicates that Plaintiff was

2  removed from the medication because of complaints of headaches. *Id*. There were

3  no further reports of headaches in the record. Therefore, there is no support for

4  Plaintiff's assertion that "headaches are an impairment lasting more than 12

5  months." ECF No. 14 at 13. Symptoms lasting less that twelve months are not

6  appropriately considered in a Plaintiff's RFC. 42 U.S.C. §§ 423(d)(1)(A);

7  1382c(a)(3)(A). The ALJ did not err in excluding any limitation related to

8  headaches from the hypothetical posed to the vocational expert.

9        Third, Plaintiff contends that the ALJ assessed the incorrect RFC because

10 she did not appropriately account for Dr. Billings' assessed limitations. Dr.

11 Billings found Plaintiff's memory for recent information to be below average

12 because Plaintiff could only recall one of three objects. Tr. 292. Dr. Billings

13 further noted that Plaintiff demonstrated difficulties in maintaining attention and

14 concentration during mental status questioning. Tr. 293. Despite Dr. Billings'

15 findings, she did not assess any specific work-related limitations that should be

16 incorporated into an RFC. *See* Tr. 289-93. In fact, Dr. Billings opined that

17 Plaintiff could work and that work would benefit him, despite the findings

18 regarding memory impairment. Tr. 293. In the RFC, the ALJ assessed that

19 Plaintiff could perform complex instructions as well as multi-step job instructions.

20 Tr. 17. The ALJ did not commit reversible error here as the ALJ is responsible for

1 reviewing the evidence and making the residual functional capacity determination,

2 not any physician. *Stubbs–Danielson v. Astrue,* 539 F.3d 1169, 1174 (9th Cir.

3 2008); *Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001). The ALJ's

4 assessed RFC was supported by substantial evidence, therefore, it was not error to

5 assess a limitation that seemingly contradicts Dr. Billings' opinion.

6 Fourth, Plaintiff asserts that the ALJ did not identify the specific demands of

7 Plaintiff's past relevant work, and therefore failed at step four. ECF No. 14 at 13.

8 Plaintiff fails to articulate with specificity how the ALJ erred. *See Carmickle v.*

9 *Comm'r of Soc. Sec. Admin*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (court may

10 decline to address an issue not raised with specificity in Plaintiff's briefing).

11 Moreover, the ALJ questioned the vocational expert at the hearing regarding

12 Plaintiff's past relevant work. Tr. 52-55. The vocational expert opined that the

13 demands of that past relevant work as performed in the national economy and as

14 defined by the DOT could be performed with Plaintiff's RFC. Tr. 55. The ALJ

15 adopted the vocational expert's testimony in "comparing the claimant's residual

16 functional capacity with the physical and mental demands of this work." Tr. 23.

17 This constitutes a finding by the ALJ of the specific demands of Plaintiff's past

18 relevant work. S.S.R. 82-41; S.S.R. 82-61 (instructing that the Plaintiff's past

19 relevant work as performed may be defined by two sources: a properly completed

20 vocational report and the Plaintiff's own testimony).

1    Fifth, Plaintiff argues that the ALJ failed to compare the specific demands of
2  the Plaintiff's past relevant work with Plaintiff's functional limitations.  ECF No.
3  14 at 13.  The ALJ made a finding that "[i]n comparing the claimant's residual
4  functional capacity with the physical and mental demands of this work, I find that
5  claimant is able to perform it as generally performed."  Tr. 23.  This constitutes a
6  finding by the ALJ comparing the demands of the work with the Plaintiff's
7  functional limitations.  Such finding is sufficient.  *Pinto*, 249 F.3d at 845.

8    Finally, even if the ALJ erred in her determination at step four that Plaintiff
9  could perform past relevant work, any error is harmless due to the ALJ's finding in
10 the alternative at step five that there were jobs in sufficient number that Plaintiff
11 could perform within his assessed limitations.  Harmless error occurs when an
12 error is inconsequential to the ultimate nondisability determination.  *Carmickle*,
13 533 F.3d at 1162.  Any error by the ALJ at step four, at worst, could have resulted
14 in a determination that Plaintiff could not perform past relevant work.  The ALJ's
15 finding at step five, which this Court upholds, means that the ALJ's ultimate
16 determination is unaffected by the finding at step four.

17 **C.  Step Five Determination**

18    Here, Plaintiff provides no support for his assertion that the ALJ did not
19 properly evaluate Plaintiff at step five other than the previously addressed
20 allegation that the ALJ improperly weighed the medical evidence.  ECF No. 14 at

14-15. Having previously found that the ALJ properly discounted the opinions of Dr. Prier and Ms. Goodman, this Court does not find error at step five.

## CONCLUSION

After review, the Court finds that the ALJ's decision is supported by substantial evidence and free of harmful legal error.

**IT IS ORDERED:**

1. Plaintiff's motion for summary judgment (ECF No. 14) is **DENIED.**

2. Defendant's motion for summary judgment (ECF No. 17) is **GRANTED.**

The District Court Executive is directed to file this Order, enter **JUDGMENT FOR THE DEFENDANT**, provide copies to counsel, and **CLOSE THE FILE.**

DATED this 25th day of January, 2017.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE